# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | | |
|---|---|---|---|
| WILLIAM BENJAMIN BROWN, | ) | | |
| | ) | | |
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV613-038 |
| | ) | | CR611-001 |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMMENDATION

William Benjamin Brown, who pled guilty to failing to register as a sex offender and possessing ammunition as a convicted felon, moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) The government contends that Brown's motion is barred, since he waived his rights to appeal and collaterally attack his conviction and sentence. (Doc. 3.)

Brown's plea agreement contains the following provision:

> to the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV613-038. "Cr. doc." refers to documents filed under movant's criminal case, CR611-001.

defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(Cr. doc. 60 at 6-7.) The Court must determine the validity of that comprehensive waiver and its preclusive effect.

"A plea agreement is 'a contract between the Government and a criminal defendant.'" *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009) (quoting *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999)). Hence,

> it should be given the interpretation that the parties intended. *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005)). . . . "[T]he defendant's knowledge and understanding of the sentence appeal waiver is one of the components that constitutes the 'core concern' of the defendant's right to be aware of the direct consequences of his guilty plea." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (internal quotation marks omitted). To demonstrate that a sentence-appeal waiver is sufficiently knowing and voluntary to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the colloquy; or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Id.*

2

*Thompson*, 353 F. App'x at 235; *United States v. Ruff*, 2011 WL 205382 at *1 (11th Cir. Jan. 5, 2011). As to § 2255 collateral bars,

> "[a]t a minimum, the would-be petitioner must know at the time of the guilty plea that the right to federal habeas review exists, and he must realize he is giving up that right as part of his plea bargain." *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998). When a valid sentence-appeal waiver containing express language waiving the right to attack a sentence collaterally is entered into knowingly and voluntarily, it will be enforceable and serve to prevent a movant from collaterally attacking a sentence on the basis of ineffective assistance of counsel. [*United States v.*] *Williams*, 396 F.3d [1340, 1342 (11th Cir. 2005)].

*Thompson*, 353 F. App'x at 235.

Brown never contests the government's assertion that the waiver was knowingly and voluntarily entered. He could not win such a claim in any event. The waiver itself explicitly referenced § 2255 proceedings and noted that Brown would be forever barred from challenging his conviction and sentence under that statute. (Cr. doc. 60 at 6-7.) He signed the plea agreement (*id.* at 12) and testified at the hearing that he had read it, reviewed it with counsel, and understood it (cr. doc. 71 at 31-32). Moreover, the judge discussed the appeal and collateral waiver at length during movant's Rule 11 hearing:

3

> *Q.* Now, the right to appeal is a good right, an important right. You have given up your right to appeal if the Court sentences you within the Federal Sentencing Guidelines. You have a right to appeal under two circumstances, as I understand it, if the government files an appeal, then you may file an appeal. Or, if the Court, that means the judge, sentences you outside of the guidelines; that is in excess of what the guidelines call for, you may appeal.
>
> And then you are giving up your right to collaterally attack your plea; that is, to say that your lawyer was no good, or he didn't represent you correctly, or that he did not -- his advice was flawed, or that the grand jury or the government agents, or the prosecutor did something that offended your rights. You are giving up your right to complain about those types of collateral attacks on your judgment of guilty or your sentence. Do you understand that?
>
> *A.* Yes, sir.
>
> *Q.* So you limit yourself, if I sentence you within the Federal Sentencing Guidelines as calculated by the Court, you do not have a right to appeal or to attack your lawyer, or the agents, or prosecutors, or grand jury, or whomever. You understand that?
>
> *A.* Yes, sir, I do.

(*Id.* at 32-33.) Brown's "solemn declarations" before the district judge that he understood the rights he waived "carr[ies] a strong presumption of verity" and rightly constitutes a "formidable barrier" to overcome in these collateral proceedings. *Cross v. United States*, 2009 WL 211418 at * 8 (S.D. Ga. Jan. 27, 2009) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Finally, he was sentenced to a mandatory sentence under the

4

Armed Career Criminal Act of 15 years. (PSI ¶¶ 65-66; cr. doc. 69 at 32-56 (sentencing tr.).) He cannot claim the waiver's exception.[2] (Cr. doc. 45 at 11.) Based upon the totality of the record, the Court is satisfied that he "understood the full significance of the waiver." *Bushert*, 997 F.2d at 1351. The Eleventh Circuit agreed in denying his appeal. (Cr. doc. 73 at 5 ("Brown's plea agreement is valid, and he has waived the right to appeal his conviction and sentence -- therefore, we need not consider his Eighth Amendment claim.").) All of Brown's claims, excepting one, fall within the waiver.[3]

---

[2] Brown faced prosecution as an Armed Career Criminal under 18 U.S.C. § 924(e), which mandated a 15-year minimum sentence. Since the statutory minimum sentence (180 months) exceeded the recommended Guidelines range (135-168 months), "the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). Brown was sentenced accordingly.

[3] Brown claims that: (1) he was not a convicted felon, despite a string of felonies including multiple rapes and breaking and entering, since the laws of Michigan restored his status after serving a period of incarceration for a prior felony; (2) the government breeched the plea agreement by failing to present certain evidence at sentencing; (3) he never had three prior convictions under the Armed Career Criminal Act; (4) the government failed to respond properly to a discovery motion; and (5) he received ineffective assistance of counsel in several ways, including a failure of advice as to the plea. (Doc. 1.)

 A waiver of the right to pursue an appeal or collateral attack, plus the waiver of any trial or sentencing errors through a plea of guilty, broadly waives "the right to appeal [or collaterally attack even] blatant error." *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999), *applied in Marshall v. United States*, 2013 WL 772855 at * 2 (S.D. Ga. Feb. 28, 2013); *Cummings v. United States*, 2013 WL 2422889 at * 5 (S.D.

Brown claims that his plea was invalid because he did not understand his plea and did not understand his sentencing exposure. (Doc. 1 at 13, 33-35.) Absent counsel's errors, he would have proceeded to trial. (*Id.*) It is well established that such challenges are permissible despite a valid collateral appeal waiver. *See Patel*, 252 F. App'x at 974. In such cases, the Court is guided by *Hill v. Lockhart*, 474 U.S. 52 (1985). Where a movant enters a plea of guilty and then collaterally challenges it as involuntary due to constitutionally deficient representation, he must first demonstrate that his attorney's performance was deficient, which requires a showing that counsel's advice regarding the plea was outside the "range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v.*

---

Ga. June 3, 2013) (enforcing exact same double-waiver agreement); *Sinkfield v. United States*, 2013 WL 2659925 at * 4 (S.D. Ga. June 10, 2013) (same). Only failures in plea advice and jurisdictional defects can be reviewed in the face of a collateral appeal waiver. *See Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (collateral attack waiver did not bar § 2255 challenge to "validity of . . . guilty plea").

While Brown couches several of his claims as jurisdictional, they are not. A jurisdictional claim would include, for instance, an indictment that entirely fails to charge a crime. *United States v. Meacham*, 626 F.2d 503, 510 (5th Cir. 1980). Merely misconstruing his criminal history is a non-jurisdictional defect that was waived by Brown's guilty plea. The fifth ground, however, briefly steps into a failure of plea advice, which the Court must address head-on. It also, however, includes waived arguments, including counsel's failure to investigate the Presentence Investigation Report, among other things. (Doc. 1 at 34.)

*Richardson*, 397 U.S. 759, 771 (1970)); *see Tollett*, 411 U.S. at 267. Then he must demonstrate that the defective performance prejudiced the plea process to such a degree that the plea cannot be trusted. *Hill*, 474 U.S. at 59. To meet the prejudice prong in this context, Brown must show that there is a reasonable probability that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

Brown contends that his attorney, W. Keith McGowan, suggested that the government would be unable to prove his criminal history, hence he would not be sentenced to a mandatory 15-year minimum sentence. (Doc. 1 at 33.) He also states that counsel never advised him which rights he would be giving up by accepting the plea. (*Id.* at 34.) The record is against him. At the plea hearing, the Court read Brown the charges, explained their meaning and elements, and explained his sentencing exposure should he be deemed an armed career criminal. (Cr. doc. 71 at 22-24.) In addition, he admitted that he had gone over all of that with his attorney and understood it. (*Id.*) He swore that he was not pressured by anyone to accept the plea. (*Id.* at 28-29.) Brown's "solemn

declarations" before the district judge "carry a strong presumption of verity" and rightly constitute a "formidable barrier" for him to overcome in these collateral proceedings. *Cross v. United States*, 2009 WL 211418 at * 8 (S.D. Ga. Jan. 27, 2009) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Indeed, "if the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986). The only way Brown could conceivably undermine his sworn declarations, then, would be to show both that he swore falsely and that he did so due to some failing by his attorney. He has not come close to meeting that burden. Nor can Brown show any prejudice from counsel's alleged failure to explain the nature of the charges to him. The record flatly contradicts his contention that he did not understand what was required to prove the charges against him, the nature of the rights he was giving up, or the sentencing exposure he faced.

For all of the reasons explained above, Brown's § 2255 motion should be **DENIED**. He also filed a frivolous motion for summary

judgment (doc. 4), which should likewise be **DENIED**. Moreover, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 23rd day of July, 2013.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA