IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 611-001 |
| | * | |
| WILLIAM BENJAMIN BROWN | * | |

**O R D E R**

On July 6, 2011, Defendant William Benjamin Brown pled guilty to a charge of failure to register as a sex offender and a charge of felon in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1). Defendant also qualified as an Armed Career Criminal, under 18 U.S.C. § 924(e). The Court sentenced Defendant to serve a total term of 180 months in prison. Defendant's appeal to the Eleventh Circuit Court of Appeals was dismissed on October 12, 2012, because of a valid appeal waiver in his plea agreement. On April 10, 2013, Defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court denied this § 2255 petition on August 1, 2013, based upon the collateral attack waiver in his plea agreement. On August 15, 2016, Defendant's subsequent § 2255 motion was dismissed as successive.

On July 19, 2019, Defendant filed a motion under Federal Rule of *Civil* Procedure 60(b)(4), which allows relief from an order in civil cases if the judgment is void. Rule 60(b)(4) has no application in a *criminal* case. United States v. Zuluaga, 192 F.

App'x 944, 945 (11th Cir. 2009) (stating that Rule 60(b) cannot be used to challenge a criminal sentence) (citing United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998)). Nevertheless, looking to the basis of his motion, Defendant contends that he was not a convicted felon upon his arrest because his civil rights had been completely restored under Michigan law. He cites a recent decision by the United States Supreme Court, Rehaif v. United States, --- U.S. ---, 139 S. Ct. 2191 (Jun. 21, 2019). In Rehaif, the United States Supreme Court held that the Government must prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm, which in Rehaif was an illegal alien, see 18 U.S.C. § 922(g)(5).

Clearly, Defendant is attempting to attack the legality of his sentence, which must be done by filing a petition for habeas corpus relief under 28 U.S.C. § 2255. As the Court pointed out, however, Defendant has already filed two § 2255 motions. In order for him to bring another § 2255 motion, Defendant must move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3). This Court does not have jurisdiction to address Defendant's motion for relief under Rehaif or any other

2

case without such authorization.[1] Accordingly, Defendant's motion for relief from judgment (doc. 114) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of August, 2019.

_____
J. RANDALL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Eleventh Circuit recently denied a petitioner's application for leave to file a second or successive § 2255 motion because Rehaif did not announce a new rule of constitutional law and it has not been made retroactive to cases on collateral review. In re Palacios, 2019 WL 3436454 (11th Cir. Jul. 30, 2019). The Court notes that the instant case appears to be similar to the Palacios case in all relevant respects.

3